FILED
2017 May-12  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMEKA POWELL, APHTINE HILL, and DESHANNON KINNION on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) ) ) | CIVIL ACTION NUMBER: CV-17 JURY DEMAND |
| PREMIER KINGS, INC., d/b/a BURGER KING, | ) ) ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

**COMES NOW** the Plaintiffs, Jameka Powell, Aphtine Hill and DeShannon Kinnon, (hereinafter "Plaintiffs"), as well as all similarly situated present and former employees, and file this lawsuit against Defendant, Premier Kings, Inc. d/b/a Burger King (hereinafter "Defendant"), pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1.     Defendant is a corporation conducting business in the State of Alabama. Specifically, the defendant owns and operates restaurants in the Northern District of Alabama.

1

2.      Plaintiff, Jameka Powell, currently resides in Selma, Alabama.

3.      Plaintiff, Aphtine Hill, currently resides in Selma, Alabama.

4.      Plaintiff, DeShannon Kinnion, currently resides in Selma, Alabama.

5.      At least one of the Plaintiffs worked as an Assistant Manager in a store located in the Northern District of Alabama.

6.      At all times material to this action, Plaintiffs, as well as all similarly situated present and former employees, were employed by Defendant as Assistant Store Managers.

7.      This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collective action provision of the Act found at §216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiffs, as well as all similarly situated present and former employees, of their lawful wages.

8.      This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the Plaintiffs, pursuant to the FLSA.  For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring its Assistant Store Managers to work over 40 hours a week for a salaried amount without overtime compensation.

9.      Plaintiffs, as well as all similarly situated present and former employees,

2

were employed with Defendant in the position of Assistant Store Manager. However, Plaintiffs, as well as all similarly situated present and former employees, were not in charge of any establishment or of a customarily recognized department or subdivision thereof, and had limited, if any, responsibility for hiring, firing, disciplining and terminating employees.

10.     Plaintiffs, as well as all similarly situated present and former employees, were paid a specified salary. Plaintiffs, as well as all similarly situated present and former employees, were not paid any overtime compensation despite the fact that they always worked more than 40 hours a week. Plaintiffs, as well as all similarly situated present and former employees, seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

11.     Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

12.     At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

13.     At all times relevant to this action, Defendant is/was the "employer" of Plaintiffs as defined by §203(d) of the FLSA.

14.     At all times material to this action, Plaintiffs, as well as all similarly

3

situated present and former employees, are/were an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

15.     The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and to Plaintiffs who are/were covered by §§206 and 207 of the FLSA during their employment with Defendant.

16.     At all times relevant to this action, Defendant employed Plaintiffs, as well as all similarly situated present and former employees, in the capacity of Assistant Store Manager.

17.     Plaintiffs, as well as all similarly situated present and former employees, are/were required to perform non-managerial duties without overtime compensation.

18.     Defendant has intentionally failed and/or refused to pay Plaintiffs, as well as all similarly situated present and former employees, their salary/rates according to the provisions of the FLSA.

19.     For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and their own violations of the FLSA.

20.     Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to their Assistant Store Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by

4

employees regarding their entitlement to monies owed to them. Plaintiffs, as well as all similarly situated present and former employees, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

21.    As a result of the actions of Defendant in fraudulently concealing the true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

22.    There are numerous similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all Assistant Store Managers and former Assistant Store Managers of Defendant who have been employed with Defendant and have not been properly compensated, would benefit from Court-Supervised Notice and the

opportunity to join the present lawsuit and should be so notified.

23.     Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs, as well as all similarly situated present and former employees, and all similarly situated employees and former employees in accordance with §207 of the FLSA.

24.     Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

25.     Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs, as well as all similarly situated present and former employees, in accordance with §207 of the FLSA.

26.     As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all similarly situated present and former employees, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

27.     In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, as well as all similarly situated present and former employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

28.     Defendant's actions in failing to compensate Plaintiffs, as well as all

similarly situated present and former employees, in violation of the FLSA, were wilful.

29.    Defendant has not made a good faith effort to comply with the FLSA.

30.    Plaintiffs, as well as all similarly situated present and former employees, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

31.    Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is their only means of securing adequate relief.

32.    Plaintiffs, as well as all similarly situated present and former employees, are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this cause of action.

**WHEREFORE**, Plaintiffs, as well as all similarly situated present and former employees, pursuant to §216(b) of the FLSA, pray for the following relief:

1.    At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees in all locations during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were

not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

2.      Plaintiffs, as well as all similarly situated present and former employees, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.      Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

4.      Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

5.      Enter an Order requiring Defendant to make Plaintiffs, as well as all similarly situated present and former employees, whole by awarding them lost wages (plus interest), liquidated damages, attorney's fees and costs.


## PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

Respectfully submitted,

Gregory O. Wiggins
Kevin W. Jent
Counsel for Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS & QUINN, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANT'S ADDRESSES**

Serve via certified mail:

Premier Kings, Inc. d/b/a Burger King
5529 Carmichael Road
Montgomery, Alabama 36117

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now _Tamella Powell_ pursuant to 29 U.S.C. § 216(b) and files

this consent to become a party plaintiff in the instant lawsuit.

I hereby specifically authorize the named plaintiffs, along with counsel of

record for the named plaintiffs, as my agents to prosecute this lawsuit on my behalf,

to make any and all decisions with respect to the conduct of this litigation, and to

negotiate and/or settle any and all overtime compensation claim(s) that I have in this

lawsuit against Premier Kings, Inc. d/b/a Burger King, defendant in this lawsuit.

_Tameka Powell_
Name (printed)

_Tameka Powell_
Signature

_05/11/17_
Date

_____
_____
Address

_____
City

_____ Zip_____
State

_____
Telephone Number

_____
E-Mail Address