FILED
2019 Apr-18 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JAMEKA POWELL, APHTINE HILL, and DESHANNON KINNION,** ) ) ) ) | |
| Plaintiffs, ) | **Civil Action No.:** |
| v. ) ) | **7:17-cv-00790-LSC** |
| **PREMIER KINGS, INC., d/b/a BURGER KING,** ) ) ) | |
| Defendant. ) | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE

Plaintiffs Jameka Powell, Aphtine Hill and Deshannon Kinnion (collectively "Plaintiffs") and Defendant Premier Kings, Inc. d/b/a Burger King ("Premier Kings") (collectively, the "Parties") jointly move the Court for an Order approving the Parties' negotiated settlement agreements with each of the Plaintiffs. The grounds on which this Motion is based are as follows:

1. Plaintiffs initiated the above-captioned matter on May 12, 2017 alleging that they and other individuals employed by Premier Kings, Inc. d/b/a Burger King ("Premier Kings") as Assistant Store Managers were not paid all of the wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"). (*See* Complaint, Doc. #1). Premier Kings timely filed an Answer (Doc. #6) in this matter denying all material allegations.

2. Although the parties disagreed as to the amount of potential recovery, if any, the settlement agreement reflects a reasonable compromise between the parties which falls within the range of potential recovery calculated by Plaintiff and the defendant assuming a liability finding in Plaintiff's favor.

3. In addition to the individual wage payments to the plaintiffs for allegedly unpaid wages and liquidated damages, the parties also negotiated the payment of attorneys' fees and costs to the Plaintiffs. This payment is made by the defendant without admission of liability, but is intended to compensate Plaintiffs' attorney for the prosecution of the Plaintiffs' claims. This fee reflects the amount of work performed by Plaintiffs' counsel including participation in discovery and all other work on behalf of Plaintiffs. The Parties also note that no portion of the fee is being deducted from the wage calculations applicable to Plaintiffs.

5. In *Lynn's Food Stores, Inc. v. United States,* 679 F. 2d 1350, 1352 (11th Cir. 1982), the 11th Circuit held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." The options are supervision of the settlement by the Secretary of Labor (inapplicable in this case) or by presenting the proposed settlement to the district court for approval if it finds the agreement to be fair and reasonable. *Id.* at

1353.  To facilitate the court's review, attached hereto as Exhibits A-C (filed under seal)[1] are the settlement agreements for each of the Plaintiffs.

In light of the foregoing, the Parties respectfully request that the Court approve their settlement and dismiss this matter with prejudice.

| | |
|---|---|
| s/ Kevin W. Jent | s/ Jay St. Clair |
| Kevin W. Jent | Jay St. Clair |
| Wiggins, Childs, Pantazis, | Felicia T. Long |
| Fisher & Goldfarb, LLC | Littler Mendelson, P.C. |
| The Kress Building | 420 20th Street North |
| 301 19th Street North | Suite 2300 |
| Birmingham, AL 35203 | Birmingham, AL 35203 |
| | |
| Attorneys for Plaintiffs | |
| | |
| | s/ Amanda C. Hines |
| | Amanda C. Hines |
| | Benjamin Collier Wilson |
| | Rushton, Stakely, Johnston & Garrett, P.A. |
| | 184 Commerce Street |
| | Montgomery, AL 36101 |
| | |
| | Attorneys for Defendant |

---

[1] Pursuant to the Court's Order Granting the Parties Motion to file the Settlement Agreements under seal. (Dkt# 40).

3